JT6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 07-117-1 |
| EDWIN FLAMER | : |

**MEMORANDUM AND ORDER**

FILED
OCT 05 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Edwin Flamer, the Defendant in the above-captioned case, was indicted on March 3, 2007. Count One of the indictment charges that, on or about January 11, 2007, in Valley Township, in the Eastern District of Pennsylvania, Defendant Edwin Flamer knowingly and intentionally distributed 50 grams or more, that is, approximately 53.1 grams, of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A). Defendant's trial before a jury began on September 24, 2007. On September 26, 2007, a jury found Defendant guilty as to Count One of the indictment. Defendant was represented at trial by Attorney Richard D. Malmed.

On October 3, 2007, the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania received correspondence from Defendant. The correspondence included, in relevant part, a Letter dated September 30, 2007, from Defendant. In the Letter, Defendant requests preservation of the 7 day window to file a Rule 33 motion for a new trial based on a claim of ineffective assistance of counsel. This court considers Defendant's Letter a pro se Motion for Extension of Time to file a Motion for a New Trial under Fed. R. Crim. P. 33(b)(2).[1]

---

[1] Fed. R. Crim. P. 33(b)(2) provides as follows: "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or

AND NOW, this 4th day of October, 2007, upon consideration of Defendant's Motion for Extension of Time to file a Motion for a New Trial under Fed. R. Crim. P. 33(b)(2), it is hereby ORDERED that said Motion is DENIED. Defendant has cited no basis for a new trial. Alleged ineffective assistance of counsel is not a cognizable basis. Such a claim can only be raised after exhaustion of appellate rights.

BY THE COURT:

_____
JAMES T. GILES         J.

FILED
OCT 05 2007
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

XC: MAILED
E. FLAMER

---

finding of guilt."